UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UMBERTO LAURO,

                                                Plaintiff,

    v.                                                                                              5:23-CV-1635
                                                                                              (LEK/ATB)

CHRISTOPHER COMMUNITY, et al.,

                                               Defendants.
_____

UMBERTO LAURO, Plaintiff, pro se

ANDREW T. BAXTER, U.S. Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      The Clerk has sent to the court for review a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Umberto Lauro. (Dkt. Nos. 1, 2).

**I.    IFP Application**

      Plaintiff declares in his IFP application that he is unable to pay the filing fee. (Dkt. No. 2). After reviewing his application and supporting documents, this court finds that plaintiff is financially eligible for IFP status.

      However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and 28 U.S.C. § 1915.  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward pro se litigants and must use extreme caution in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed.  *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint sua sponte even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

In addition, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not require detailed factual allegations, it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Houston v. Collerman*, No. 9:16-CV-1009 (BKS/ATB), 2016 WL 6267968, at *2 (N.D.N.Y. Oct. 26, 2016) (quoting *Ashcroft*, 556 U.S. at 678). A pleading that contains allegations that "'are so vague as to fail to give the defendants adequate notice of the claims against them' is subject to dismissal." *Id.* (citing *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009)).

## II. Complaint

Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act. (Complaint ("Compl.") at 1, 5) (Dkt. No. 1).[1] The named defendants include Walter Lodovico, Christopher Community, and Richard Dunlap. (*Id.* at 1-2, 5).

In the first form complaint, plaintiff alleges that on May 8, 2023, defendant Richard Dunlap "claimed that [plaintiff] shoved him." (Compl. at 2). Plaintiff states that when he "arrived home the appearance ticket was on [his] door." (*Id.*). Plaintiff also states that the "property manager was questioning [him], so [he] shut the door in

---

[1] Plaintiff has filed several form-complaints as one action, including a complaint for 42 U.S.C. § 1983 cases, a Civil Complaint Pursuant to Title VII of the Civil Rights Act, and a general pro se complaint form. (*See* Compl.). For the sake of clarity, the court will cite to the pages of this filing as have been assigned by the court's electronic filing system (CM/ECF).

3

the [property manager's] face. (*Id.*). Plaintiff seeks "2 million dollar[s] for relief." (*Id.* at 4).

In the second form complaint pursuant to Title VII, plaintiff alleges employment discrimination—specifically, that "defendant's conduct is discriminatory with respect to" plaintiff's "health." (Compl. at 6).

In the third form complaint, in the Statement of Claim, plaintiff alleges that unidentified defendants "viol[at]ed civil rights which resulted in decrease of health." (Compl. at 13). He further states that "they stole documentation, clothes, and [miscellaneous] items. Also took title for vehicle [sic] value of 14 million." (*Id.*).

### III. Discussion

The court is well-aware that pro se pleadings must be read to raise the strongest arguments that they suggest. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). In this case, even if read liberally, plaintiff's complaint is devoid of factual allegations that give rise to any section 1983 claims, employment discrimination claims, or any other causes of action over which this court has jurisdiction.

#### A. Section 1983

Plaintiff's purported section 1983 claims fail, because he has failed to allege that his constitutional rights were violated by a person acting under the color of state law. A claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the

right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are generally not state actors and are therefore not usually liable under § 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); see also *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . .") (internal quotation marks and citation omitted).

For the purposes of section 1983, the actions of a nominally private entity are attributable to the state when: "(1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the [s]tate,' ('the public function test')." *Caballero v. Shayna*, No. 18-CV-1627, 2019 WL 2491717, at *3 (E.D.N.Y. June 14, 2019) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Id.* (quoting *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)).

5

Here, plaintiff has named two individuals and a "not-for-profit development and management company"[2] as defendants. Neither of the individual defendants are alleged to be state actors, nor has plaintiff alleged that they otherwise acted under color of state law. Accordingly, plaintiff's section 1983 claim should be dismissed as against them. *See Harrison v. New York*, 95 F. Supp. 3d 293, 322 (E.D.N.Y. 2015) ("The conduct of private persons or entities, 'no matter how discriminatory or wrongful,' generally does not constitute state action and therefore cannot form the basis of a Section 1983 claim.").

Likewise, plaintiff has failed to allege any state action on the part of defendant Christopher Community. It is well established that receipt of government funding, "no matter how extensive, is insufficient to transform otherwise private conduct into state action." *Young v. Halle Hous. Assocs., L.P.*, 152 F. Supp. 2d 355, 362 (S.D.N.Y. 2001); *Aponte v. Diego Beekman M.H.A. HDFC,* No. 16-CV-8479, 2019 WL 316003, at *12 (S.D.N.Y. Jan. 24, 2019) (dismissing Section 1983 claims based on "entwinement" theory where plaintiffs alleged that landlord "receive[d] public funds and tax exemptions in exchange for providing low-income housing," and holding that entities do not become state actors "simply because those entities receive state funding for providing a public service" (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982)); *Holden v. E. Hampton Town*, No. 15-CV-4478, 2017 WL 1317825, at *5-6 (E.D.N.Y.

---

[2] Christopher Community, Inc., the entity which plaintiff appears to intend to name as a defendant, "administer[s] Onondaga County's Rental Assistance Program (Section 8)[,]" among other things. *See* https://christopher-community.org/ (last visited January 2, 2024).

Mar. 31, 2017) (landlord was not a state actor despite its "accept[ance of] subsidized rental payments from the Town[ ] . . . for qualified low-income tenants"). Thus, to the extent plaintiff is alleging that this defendant accepted government financing for the provision of low-income housing, it is insufficient to raise a plausible inference that it is a state actor.

Moreover, the provision of housing, even so-called low-income housing, is not a function that is "traditionally exclusively reserved to the State." *Aponte*, 2019 WL 316003, at *13 ("the provision of housing, for the poor or for anyone else, has never been the exclusive preserve for the state, but has been left to a regulated, and occasionally subsidized, private marketplace" (citing *Young*, 152 F. Supp. 2d at 365)); *Holden*, 2017 WL 1317825, at *5 ("Providing low-cost housing does not constitute a 'public function' within the meaning of Section 1983 because it is not an activity or function exclusively reserved by the state." (citing *Young*, 152 F. Supp. 2d at 365)). Accordingly, plaintiff's failure to otherwise plead how Christopher Community's actions were attributable to the state renders dismissal of his section 1983 claim as against this defendant warranted.[3]

---

[3] On the other hand, courts have found public housing authorities to be state actors for the purpose of section 1983. *See Davis v. N.Y.C. Hous. Auth.*, 379 F. Supp. 3d 237, 252, 256 (S.D.N.Y. 2019) (referring to a public housing authority as a state actor); *Gagliardi v. E. Hartford Hous. Auth.*, No. Civ. 3:02CV478, 2005 WL 2177078, at *4 (D. Conn. Sept. 8, 2005); *Burr v. New Rochelle Mun. Hous. Auth.*, 479 F.2d 1165, 1167 (2d Cir. 1973) (rejecting municipal housing authority's claim that it is not a government agency and that, therefore, there was no state action); *Tyson v. N.Y.C. Hous. Auth.*, 369 F. Supp. 513, 522 (S.D.N.Y. 1974) ("The defendants' action in adjudging the plaintiffs nondesirable tenants and in ordering their eviction are acts of the state and therefore satisfy the state action requirement of Section 1983."); *Short v. Fulton Redevelopment Co., Inc.*, 390 F. Supp. 517, 519 (S.D.N.Y. 1975) (concluding "that the involvement of the Federal, State and local governments in

Even if the Christopher Community could be considered a state actor, this defendant is not specifically mentioned at any point in the minimal recitation of factual allegations provided in the body of plaintiff's complaint. Thus, plaintiff fails to meet the basic requirements of pleading a viable claim against this entity under Fed. R. Civ. P. 8. *See, e.g., Crichlow v. Annucci*, 18-CV-3222, 2021 WL 5234522, at *2 (S.D.N.Y. Nov. 10, 2021) (dismissing, for failure to state a claim upon which relief may be granted, those claims against defendants who were identified in the caption of the third amended complaint but, "the Court [wa]s unable to find reference to them anywhere else in the pleading."); *Joseph v. Annucci*, 18-CV-7197, 2020 WL 409744, at *4 (S.D.N.Y. Jan. 23, 2020) (dismissing claims against defendants that were "named in the caption only" where "[t]he body of the Complaint does not contain any factual allegations naming them, or indicating that they violated the law or injured Plaintiff in some manner.").

### B.   Title VII

Plaintiff also alleges employment discrimination pursuant to Title VII. However, there is nothing in the complaint to suggest that plaintiff was employed by any of the named defendants, much less that he was subject to an adverse employment action

---

these two housing projects is sufficient to constitute State action under the Fourteenth Amendment"). At this juncture, it is entirely unclear from plaintiff's allegations whether defendant Christopher Community operates as a public housing authority, or merely owns and operates affordable housing for those in receipt of public assistance.

under circumstances giving rise to an inference of unlawful discrimination.[4]  Nor has plaintiff plead that he was a member of a protected class as enumerated by the statute. *See Volpe v. Connecticut Dep't of Mental Health & Addiction Servs.*, 88 F. Supp. 3d 67, 72 (D. Conn. 2015) ("The plain language of Title VII shows that it only protects against employment discrimination "because of . . . race, color, religion, sex, or national origin.") (citing 42 U.S.C. § 2000e–2(a)(1)).  Accordingly, plaintiff's purported Title VII claims should be dismissed.

### C.    State Law Causes of Action

Plaintiff alleges, without specification, that "they stole documentation, clothes, and misc. items.  Also took title for vehicle . . . ." (Compl. at 13).  To the extent plaintiff is intending to assert a cause of action for conversion, or any other state law claim, diversity jurisdiction would be required.[5]  In this case, however, there is no indication that the parties are diverse: plaintiff alleges that both he and the defendants maintain addresses in the state of New York. (Compl. at 1-2, 5, 10-11; Dkt. No. 1-1 at 1) .  He makes no further allegations regarding citizenship.  Accordingly, plaintiff has failed to invoke this court's diversity jurisdiction, and any state law causes of action his

---

[4]  "To plead a Title VII discrimination claim, a plaintiff must 'establish a prima facie case of . . . discrimination by demonstrating that (1) [s]he was within the protected class; (2) [s]he was qualified for the position; (3) [s]he was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination.' " *Farooq v. City of New York*, No. 20-3185, 2022 WL 793117, at *2 (2d Cir. Mar. 16, 2022) (quoting *Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019)(cleaned up)).

[5]  This is assuming that plaintiff had sufficiently plead any state law claims, a question the court seriously questions but need not reach at this juncture.

complaint may raise should be dismissed.[6] *See Herrick Co., Inc. v. SCS Commc'n, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (The party seeking to invoke the court's jurisdiction bears the burden of "demonstrating that the grounds for diversity exist and that diversity is complete.") (citations omitted).

## IV. Opportunity to Amend

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

The court is recommending dismissal of this action for lack of subject matter jurisdiction. Thus, any dismissal must be without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018). This court has serious doubts about whether plaintiff can amend to assert any form of federal jurisdiction with respect to the alleged conduct that plaintiff describes in his complaint. However, given that plaintiff's grossly deficient pleading makes it difficult to understand the nature of the conduct alleged and

---

[6] Considering my recommendation that the district court dismiss all of plaintiff's federal causes of action, the court need not decide at this juncture whether supplemental jurisdiction would apply to plaintiff's purported state law claims. *See, e.g.*, *Torres v. City of New York through New York City Dep't*, 590 F. Supp. 3d 610, 629 (S.D.N.Y. 2022) ("A district court usually should decline the exercise of supplemental jurisdiction [over state law claims] when all federal claims have been dismissed at the pleading stage." (citing *Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006)).

the role of the named defendants, in the exercise of an abundance of caution, this court recommends that plaintiff be provided with an opportunity to amend his claims. *See Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir. 2007) (Finding that sua sponte dismissals by the court pursuant to sections 1915 and 1915A "must" accord the plaintiff an opportunity to amend the complaint "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."); *Mojias v. Johnson*, 351 F.3d 606, 610-11 (2d Cir. 2003) ("[U]nless it is unmistakably clear that the court lacks jurisdiction, or that the complaint lacks merit or is otherwise defective, we believe it is bad practice for a district court to dismiss without affording a plaintiff the opportunity to be heard in opposition.") (quoting *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999)).

If the court approves this recommendation and allows plaintiff to submit a proposed amended complaint, plaintiff should be warned that any amended complaint must be a ***complete and separate pleading***.  Plaintiff must state all of his claims in the new pleading and may ***not*** incorporate by reference any part of his original complaint. Plaintiff should also be aware that any opportunity afforded to amend his complaint in order to state a claim for relief is not an invitation to file another frivolous pleading.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) be **GRANTED**,[7] and it is

---

[7] Although his IFP Application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

11

**RECOMMENDED**, that this action be **DISMISSED WITHOUT PREJUDICE**, with leave to amend, and it is

**RECOMMENDED**, that if the district court adopts this Order and Report-Recommendation, plaintiff be given forty-five (45) days to amend his complaint, identifying the nature of any state action by particular individuals or entities giving rise to violations of his constitutional rights.  If plaintiff does file a proposed amended complaint, plaintiff should be warned that any amended complaint must be a *complete and separate pleading*.  Plaintiff must state all of his claims in the new pleading and may not incorporate by reference any part of his original complaint, and it is

**RECOMMENDED**, that if the district court adopts this Order and Report-Recommendation, and plaintiff files a proposed amended complaint, such proposed amended complaint be returned to me for initial review, and it is

**RECOMMENDED,** that if the district court adopts this Order and Report-Recommendation, and plaintiff does not elect to file an amended complaint within the proposed deadline, or request an extension of time to do so, the Clerk enter judgment dismissing this action without further order of the court, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: January 3, 2024

Andrew T. Baxter
U.S. Magistrate Judge